IN THE MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IDEARC MEDIA, LLC,

    Plaintiff,

vs.                          CASE NO.: 8:09-CV-2078-T 17-AEP

KRAVITZ LAW GROUP, P.A.

    Defendant.
_____/

## DEFENDANT, KRAVITZ LAW GROUP, P.A.'S, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant/Counter Claimant, KRAVITZ LAW GROUP, P.A.'S, (hereinafter referred to as "KRAVITZ LAW GROUP" or "KRAVITZ"), through undersigned counsel, files this Answer and Affirmative Defenses to the Complaint served upon it by IDEARC MEDIA, LLC, f/k/a VERIZON DIRECTORIES CORP. (hereinafter referred to as "IDEARC"), and states:

### COMMON ALLEGATIONS

1 – 4.  The allegations of paragraphs one through four are admitted, without any inference that any sum of money is actually due and owing from defendant to the plaintiff.

5.  The allegations of paragraph five are admitted.

6 – 7.  With respect to the allegations of paragraphs six and seven, these make reference to an attached document, and, accordingly, the defendant would similarly refer to the actual terms of the document, and, to the extent, that the allegations differ from such actual terms, the allegations are denied.

8 – 13.  The allegations of paragraphs eight through thirteen are denied.

### COUNT I -- BREACH OF CONTRACT

14 – 19.  The allegations of paragraphs fourteen through NINEteen are denied.

## COUNT II – QUANTUM MERUIT

20 – 23.  The allegations of paragraphs twenty through twenty-three are denied.

## COUNT III – OPEN ACCOUNT
## Account #340002108944

24 – 25.  The allegations of paragraphs twenty-four through twenty-five are denied.

## COUNT V (Mis-numbered in complaint) -- ACCOUNT STATED
## Account #340002108944

26 – 29.  The allegations of paragraphs twenty-six through twenty-nine are denied.

## AFFIRMATIVE DEFENSES

As and for its separate and affirmative defenses as against the complaint, KRAVITZ states the following:

## FIRST AFFIRMATIVE DEFENSE
## Intentional Tort -- Fraud in the Inducement

IDEARC intentionally solicited KRAVITZ to advertise in its Yellow Page Directories for "COVER SPOTS."  In furtherance of such solicitation, IDEARC intentionally represented, either directly or impliedly, that it would visibly and in an unobstructed manner display KRAVITZ'S advertisement on the cover of its Yellow Page Directories.  However, such representations were false in that at the time IDEARC so solicited KRAVITZ'S business it knew that it would place, or allowed to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement, or "Tip-on," over or on top of KRAVITZ'S advertisement, for IDEARC's monetary benefit, but failed to disclose this information to KRAVITZ.  IDEARC intentionally withheld this information from KRAVITZ with the intention that KRAVITZ would rely upon its misrepresentation to KRAVITZ'S

detriment. KRAVITZ did, in fact, rely and such reliance was reasonable, and suffered monetary damages as a result of IDEARC'S fraudulent acts.

As a consequence of the fraudulent misrepresentation, IDEARC's claims are barred by equitable principles of estoppel, unclean hands or otherwise, and/or because the contract must be voided/rescinded and KRAVTIZ's consideration returned to him.

## SECOND AFFIRMATIVE DEFENSE
### Negligent Misrepresentation

IDEARC intentionally solicited KRAVITZ to advertise in its Yellow Page Directories for "COVER SPOTS." IDEARC falsely represented, either directly or impliedly, that it would visibly and in an unobstructed manner display KRAVITZ'S advertisements on the cover of its Yellow Page Directories. At the time IDEARC made the aforesaid representation, for the purpose of soliciting KRAVITZ'S business, IDEARC knew, or in the exercise of reasonable care, should have known, that representation was false and misleading because knew or should have known that it would place, or allowed to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement, or "Tip-on," over or on top of KRAVITZ'S advertisement, for IDEARC's monetary benefit, but failed to disclose this information to KRAVITZ. IDEARC negligently withheld this information from KRAVITZ. IDEARC expected or intended that KRAVITZ would rely upon said representation in making its decision to advertise in its Yellow Page Directories. KRAVITZ did so rely, and such reliance was justified and/or reasonable, and as a result KRAVITZ suffered monetary damages.

As a consequence of the negligent misrepresentation, IDEARC's claims are barred by equitable principles of estoppel, unclean hands or otherwise, and/or because the contract must be voided/rescinded and KRAVTIZ's consideration returned to him.

## THIRD AFFIRMATIVE DEFENSES
### Conversion

IDEARC'S claims are barred by the fact that KRAVITZ conferred upon IDEARC a monetary benefit by paying fair consideration in order to have KRAVTIZ's advertisement visibly, and in an unobstructed manner, displayed on the cover of its Yellow Page Directories, thereby purchasing property in the form of a license to so advertise. However, IDEARC intentionally, and in a manner hostile to KRAVITZ's front "COVER SPOTS" allowed to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement on or over KRAVITZ'S advertisement, for IDEARC'S monetary gain, and to KRAVITZ'S financial and professional detriment.

As a consequence of the conversion, IDEARC's claims are barred by equitable principles of estoppel, unclean hands or otherwise, and/or because the contract must be voided/rescinded and KRAVTIZ's consideration returned to him.

## FOURTH AFFIRMATIVE DEFENSE
### Unjust Enrichment

IDEARC'S claim is barred by the fact that KRAVITZ conferred upon IDEARC, with IDEARC'S knowledge, a monetary benefit by paying to have its advertisement visibly, and in an unobstructed manner, displayed on the cover of its Yellow Page Directories. That at the time IDEARC solicited KRAVITZ'S business it knew or should have known that it would place, or allowed to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement, or "Tip-on," over or on top of KRAVITZ'S advertisement for monetary benefit, but failed to disclose this information to KRAVITZ. Moreover, IDEARC failed to utilize reasonable efforts or make adequate arrangements for the distribution of its Yellow Page Directories and the advertisements contained therein to the consuming public for reasons including, but not limited the following:

    a. Utilization of careless distribution methods;

    b.  Failing to hire and supervise responsible distribution workers;

    c.  Utilizing unrealistic delivery time frames;

    d.  Placing large numbers of directories in office lobbies rather than distributing them to individual businesses;

    e.  Placing large numbers of directories in apartment building lobbies rather than distributing them to individual residences;

    f.  Throwing directories onto streets or paved pathways rather than at the doorsteps of business and residential consumers.

    g.  Placing directories in a manner that would expose them to the elements: mud, rain, etc.

    h.  Leaving directories at vacant buildings.

    i.  Otherwise acting in bad faith toward its advertising patrons generally and towards KRAVITZ specifically.

IDEARC accepted did and does retain some or all of the aforesaid monetary benefit and that under the aforesaid circumstances it would be inequitable for IDEARC to retain any or all portions of monies paid.  Further, IDEARC's claims are barred by equitable principles estoppels, unclean hands or otherwise, and/or because the contract must be voided/rescinded and KRAVTIZ's consideration returned to him.

**FIFTH AFFIRMATIVE DEFENSE**
**Set-off or Recoupment**

Defendant, KRAVITZ, affirmatively states Defendant is entitled to a set-off or recoupment against any verdict/judgment entered in this case for all monies already paid by KRAVITZ to IDEARC and also for all monies paid or payable by third parties to IDEARC with respect to their alleged claims against KRAVITZ.

*Wherefore*, the defendant, KRAVITZ, demands that the complaint be dismissed and that it be awarded its taxable costs and atoreny's fees pursuant to the fee shifting provision in the subject contract.

## SIXTH AFFIRMATIVE DEFENSE

Performance by KRAVITZ was excused by the failure of performance by IDEARC.

## COUNTERCLAIM

KRAVITZ, for its counterclaim, against IDEARC, alleges:

1. This is an action for damages in excess of $75,000.00.

2. Plaintiff/Counter Defendant, IDEARC, is a Delaware corporation, licensed and doing business in Hillsborough County Florida.

3. Defendant/Counter Claimant, KRAVITZ, is a Florida professional association with a principal place of business in St. Petersburg, Pinellas County, Florida.

## COUNT I
## FRAUD IN THE INDUCEMENT

Defendant/Counter Claimant fully references and incorporates paragraphs 1 - 3 as if fully restated herein.

4. IDEARC intentionally solicited KRAVITZ to advertise in its Yellow Page Directories for "COVER SPOTS."

5. IDEARC intentionally represented, either directly or impliedly, that it would visibly and in an unobstructed manner display KRAVITZ'S advertisement on the cover of the Yellow Page Directories.

6. At the time IDEARC solicited KRAVITZ'S business, IDEARC, its employees, agents and/or assigns knew that said representation was false in the IDEARC knew that it would

6

place, or allow to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement, or "Tip-on," over or on top of KRAVITZ'S advertisement for IDEARC's monetary benefit. A copy of said contracts were filed by IDEARC as Exhibit "A" in support of its original Complaint [Doc 1].

7. IDEARC intentionally withheld this information from KRAVITZ intending that KRAVITZ would rely upon its misrepresentations.

8. KRAVITZ did, in fact, so rely and suffered considerable monetary damage as a result of this fraudulent activity.

9. Alternatively, KRAVITZ demands that the subject contract be rescinded and its consideration be returned.

**WHEREFORE,** Defendant/Counter Claimant, KRAVITZ, demands judgment for damages against Plaintiff/Counter Claimant, IDEARC, and respectfully demands judgment for compensatory damages plus pre-judgment interest, post-judgment interest, costs, attorneys' fees and any other relief this Court deems appropriate and trial by jury.

## COUNT II
## NEGLIGENT MISREPRESENTATION

Defendant/Counter Claimant fully references and incorporates paragraphs 1-3 as if fully restated herein.

10. IDEARC intentionally solicited KRAVITZ to advertise in its Yellow Page Directory for "COVER SPOTS."

11. IDEARC falsely represented, either directly or impliedly, that it would visibly, and in an unobstructed manner, display KRAVITZ'S advertisement on the cover of its Yellow Page Directory, believing it would in fact do so.

12.     When making the aforesaid representation IDEARC intended or expected that KRAVITZ would rely upon its representation in deciding to purchase "COVER SPOTS" for advertising in said Yellow Page Directory.

13.     At the time IDEARC solicited KRAVITZ'S business, IDEARC knew, or in the exercise of reasonable care should have known, that such representation was not accurate in it knew or should have known that it would place, or allow to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement, or "Tip-on," over or on top of KRAVITZ'S advertisement for monetary benefit.  A cop of said contracts were filed by IDEARC as Exhibit "A" in support of its original Complaint [Doc 1].

14.     KRAVITZ relied upon IDEARC'S representation and such reasonable and/or justified under the circumstances, and as a result KRAVITZ suffered considerable monetary damages.

15.     Alternatively, KRAVITZ demands that the subject contract be rescinded and its consideration be returned.

**WHEREFORE**, Defendant /Counter Claimant, KRAVITZ, demands judgment for damages against Plaintiff / Counter Defendant, IDEARC, and respectfully demands judgment for compensatory damages plus pre-judgment interest, post-judgment interest, costs, attorneys' fees and any other relief this Court deems appropriate and trial by jury.

### COUNT III
### CONVERSION

Defendant / Counter Claimant fully references and incorporates paragraphs 1-3 as if fully re-sated herein.

16. That KRAVITZ conferred upon IDEARC a monetary benefit by paying to have its advertisement visibly, and in an unobstructed manner, displayed on the cover of IDEARC'S Yellow Page Directory.

17. In doing so KRAVITZ purchased property in the form of a license to so advertise in IDEARC'S Yellow Page Directory. A copy of said contracts were filed by IDEARC as Exhibit "A" in support of its original Complaint [Doc 1].

18. IDEARC did, intentionally, and in a manner hostile to KRAVITZ'S ownership of said license, convert some or all of KRAVITZ's "COVER SPOTS" to its own use by placing, or allowing to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement on or over KRAVITZ'S advertisement for profit, thereby wrongfully depriving KRAVITZ of the full possessory rights to said license to which KRAVITZ would have been entitled.

**WHEREFORE,** Defendant/Counter Claimant KRAVITZ, demands judgment for damages against Plaintiff/Counter Defendant, IDEARC, and respectfully demands judgment for compensatory damages, plus pre-judgment interest, post-judgment interest, costs, attorneys' fees and any other relief this Court deems appropriate and trial by jury.

## COUNT IV
## UNJUST ENRICHMENT

Defendant / Counter Claimant fully references and incorporates paragraphs 1-3 as if fully re-stated herein.

19. That KRAVITZ conferred upon IDEARC a monetary benefit by paying to have its advertisement visibly, and in an unobstructed manner, displayed on the cover of its Yellow Page Directory. A copy of said contracts were filed by IDEARC as Exhibit "A" in support of its original Complaint [Doc 1].

20. IDEARC failed to comply with its duty to KRAVITZ by placing, or allowed to be placed, a second, pseudo-cover in the form of a competitor's picture advertisement, or "Tip-on," over or on top of KRAVITZ'S advertisement for IDEARC's monetary benefit.

21. Moreover, IDEARC failed to utilize reasonable efforts or make adequate arrangements for the distribution of its Yellow Page Directories and the advertisements contained therein to the consuming public for reasons including, but not limited to the following:

   a. Utilization of careless distribution methods;
   b. Failing to hire and supervise responsible distribution workers;
   c. Utilizing unrealistic delivery time frames;
   d. Placing large numbers of directories in office lobbies rather than distributing them to individual businesses;
   e. Placing large numbers of directories in apartment building lobbies rather than distributing them to individual residences;
   f. Throwing directories onto streets or paved pathways rather than at the doorsteps of business and residential consumers.
   g. Placing directories in a manner that would expose them to the elements: mud, rain, etc.
   h. Leaving directories at vacant buildings.
   i. Otherwise acting in bad faith toward its advertising patrons generally and towards KRAVITZ specifically.

22. IDEARC did and does retain some or all of the aforesaid monetary benefit.

23. Under the aforesaid circumstances it would inequitable for the IDEARC to retain any or all portions of monies paid for said advertising.

**WHEREFORE,** Defendant/Counter Claimant KRAVITZ, demands judgment for damages against Plaintiff/Counter Defendant, IDEARC, and respectfully demands judgment for compensatory damages, plus pre-judgment interest, post-judgment interest, costs, attorneys' fees and any other relief this Court deems appropriate and trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: **Lewis F. Collins, Jr., Esquire**, **David A. Mercer, Esquire**, Butler Papas Weihmuller et al, 777 South Harbour Island Boulevard, Suite 500, Tampa, Fl 33602.

BUCKLEY & CURTIS, P.A.

BY: _/s/ Michael B. Buckley_
MICHAEL B. BUCKLEY
FBN  365734
LAUREN S. CURTIS
FBN  150940
240 1 Avenue, South
St. Petersburg, FL 33701
Ofc:  727- 822-4800
Fax:  727-822-4855
mbuckely@buckleyandcurtis.com
lcurtis@buckleyandcurtis.com