UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IDEARC MEDIA, LLC,
    Plaintiff,

v.

CASE NO.: 8:09-CV-2078-T-17-AEP

KRAVITZ LAW GROUP, P.A.
    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

This cause is before this Court pursuant to a Motion to Dismiss Counterclaim filed by Plaintiff, Idearc Media, LLC (Doc. 26) and the response thereto (Doc. 29). A review of the record indicates that, for the following reasons, the Motion to Dismiss Counterclaim must be **DENIED**.

## BACKGROUND

Idearc Media LLC (hereafter Idearc) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. *In Re Idearc, Inc.*, Case No. 09-31828 (Doc. 26).

During the pendency of the Texas bankruptcy proceeding, Idearc Media LLC commenced the instant action October 13, 2009, against Kravitz Law Group, P.A. (hereafter Kravitz) seeking damages related to Kravitz' failure to make the agreed payments under contracts for 2007 and 2008 telephone directory advertising (Doc. 1).

On December 22, 2009, the Bankruptcy Court for the Northern District of Texas, Dallas Division, entered an order confirming the First Amended Joint Plan of Reorganization of Idearc. Doc. 26 Exhibit A. The Effective Date of the Plan was December 31, 2009. *Id.*

Here, Kravitz filed its Answer and asserted a Counterclaim on March 22, 2010 against Idearc, denying the alleged debt owed to Idearc and claiming: i) fraud in the inducement; ii) negligent misrepresentation; iii) conversion; and iv) unjust enrichment (Doc. 10 and 12).

On June 15, 2010, Idearc filed this Motion to Dismiss Kravitz' Counterclaim on two grounds. Doc. 26. First, Idearc alleges that Kravitz' counterclaim was discharged by Idearc's confirmed plan of reorganization in Bankruptcy Court, pursuant to 11 U.S.C. § 1141(d)(1)(A). *Id.* Second, Idearc alleges that Kravitz' counterclaim is barred by the contractual provisions for the sale and purchase of telephone directory advertisements upon which this dispute arose. *Id.*

## DISCUSSION

Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted is proper "only if it is clear that no relief could be granted under any set of facts consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Proceeding under this standard, the factual allegations of Kravitz' counterclaim must be accepted as true and evaluated in the light most favorable to Kravitz. *Blackston*, 30 F.3d at 120. Additionally, only factual allegations within the 'four corners' of the complaint may be examined for sufficiency in a motion to dismiss. *United States v. South Florida Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964).

### A. BANKRUPTCY AND RIGHT TO RETAIN SETOFF

Idearc claims that Kravitz' counterclaims were discharged pursuant to 11 U.S.C. § 1141(d)(1)(A) upon confirmation of Idearc's First Amended Joint Plan of Reorganization in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. *See In Re Idearc, Inc.*, Case No. 09-31828 (Doc. 26). The plan of reorganization and confirmation

therewith were not included in either Idearc's initial complaint or Kravitz' counterclaim. In a motion to dismiss, this Court may not consider evidence outside the four corners of the complaint; thus, Idearc's Motion is denied. *Blackston*, 30 F.3d at 120. Similarly, Idearc's Motion was improperly brought in the name of "SUPERMEDIA, LLC, f/k/a IDEARC MEDIA CORP." (Doc. 26 at 1). Neither 'Supermedia, LLC' nor 'Idearc Media Corp.' are parties in this case.

The merits of Idearc's first basis for dismissal of Kravitz' counterclaim lacks supporting case law and is insufficient to warrant relief. It is well established that a bankruptcy proceeding does not *per se* bar the right of a creditor to setoff or recoup a mutual debt shared with the debtor in post-confirmation proceedings. *In re Black*, 280 B.R. 680 (N.D. Ala. 2001); *see also Smith v. American Fin. Systems*, 737 F.2d 1549, 1552 (11th Cir. 1984); *In re A & C Elec.*, 211 B.R. 268 (Bankr. N.D. Ill. 1997); *In re Flagstaff Realty Assoc.*, 60 F.3d 1031, 1035 (3rd Cir. 1995). The *In re Black* court noted, "it would be inherently inequitable to allow the debtors to obtain a money judgment . . . without allowing the [creditor] to recoup amounts originally due." *In re Black*, 280 B.R. at 686. The axiom 'what's good for the goose is good for the gander' applies.

Recoupment and setoff are nearly indistinguishable:

> Recoupment differs [**9] from setoff which requires mutual obligations arising from separate transactions. The difference is important because § 553 of the Bankruptcy Code places certain limitations on a creditor's right to assert setoff, whereas there is no comparable provision that limits a creditor's right to assert recoupment.

*Id* at 684. Under section 553 of the Bankruptcy Code, a Kravitz must establish the requirements of a claim for setoff: 1) the debt owed by Kravitz to Idearc arose prior to commencement of the bankruptcy case; 2) the claim of Kravitz against Idearc arose prior to the commencement of the bankruptcy case; and 3) the debt and claim are mutual or reciprocal obligations. *Id* at 686. In this case, all three criteria are satisfied. The debt owed under the 2007 and 2008 contracts and the

dispute within Kravitz' counterclaim occurred before the commencement of Idearc's bankruptcy proceedings in early 2009 (Doc. 10). In addition, the debt and claim concern the same contracts and surrounding transaction of the telephone directory advertising. *Id.* Thus, Kravitz is permitted to assert setoff as a defense to Idearc's claim.

Many courts permit a creditor to assert setoff in the form of a counterclaim in a post-confirmation proceeding. *In re Charter Co.*, 86 B.R. 280, 282 (M.D. Fla. 1988); *see also In re De Laurentiis Entm't Group*, 963 F.2d 1269 (9th Cir. 1992); *In re A&C Elec. Co.*, 211 B.R. 268; *In re Flagstaff Realty Assoc.*, 60 F.3d 1031; *In re Barrett*, 410 B.R. 113, 123 (S.D. Fla. 2009). Kravitz has asserted its four defenses in the form of substantive counterclaims in a post-confirmation Answer and Reply (Doc. 10). Therefore, Kravitz is entitled to assert setoff in the form of such counterclaims; Idearc's first ground for dismissal does not warrant relief.

## B. CONTRACTUAL PROVISIONS

Idearc claims that Kravitz' counterclaims are barred by the contractual provisions of the 2007 and 2008 advertisement contracts. Idearc contends that four provisions of the contract's terms and conditions support dismissal: a) Section 7 limits notice of claims to be given while the telephone directory is in circulation; b) Section 5 disclaims Publisher's (Idearc) liability for deviation regarding the placement, position or location of advertisements; c) Section 20 disclaims Publisher's liability for deviation regarding the content, form or appearance of advertisements; and d) Section 22 describes a merger/integration clause that supersedes any other oral or written agreements regarding the advertisement (Doc. 26 at 4-6). Idearc failed to provide supporting case law to support these claims.

First, the contracts do not bar Kravitz' counterclaims for failure to provide notice of the claim during the circulation of the directory. Under a Rule 12(b)(6) motion, Kravitz is not

required to provide evidence showing when and how Kravitz became or should have become aware of the defective advertisements, nor is Kravitz required to show when and how it notified Idearc of these concerns. Such extrinsic facts cannot be decided on a Rule 12(b)(6) motion to dismiss; thus, the notice limit provision is not sufficient to warrant relief.

Second, Idearc contends that Sections 5 and 20 of the terms and conditions disclaim Idearc's liability for placement and content (Doc. 26 at 5). Claims of fraud in the inducement and negligent misrepresentation exist independent of a breach of contract claim and require separate examination.[1] *Geico Cas. Co. v. Arce*, 333 Fed. Appx. 396, 397 (11th Cir. 2009). Kravitz has alleged in its counterclaims that Idearc misrepresented information to induce Kravitz into entering the advertisement contract. Accordingly, the liability disclaimer provisions are not sufficient to warrant relief.

Finally, Idearc contends that Section 22 of the terms and conditions supersedes all other oral or written agreements regarding the transaction (Doc. 26 at 5-6). It is a well-established rule that the existence of a merger clause, such as the clause contained in Section 22, does not affect oral representations which are alleged to have fraudulently induced a party into accepting the contract. *In re Biddiscombe*, 329 B.R. 909, 916 (M.D. Fla. 2008). Therefore, the merger clause provision does not serve as a bar to Kravitz' counterclaims. As such, the provision is not sufficient to warrant relief. Assuming the merger clause applied, it would not preclude Kravitz' fourth counterclaim of unjust enrichment, which is based on conduct with regards to the distribution of the telephone directory (Doc. 10 at 9-10).

---

[1] Further, extrinsic factual allegations supporting the defenses or claims of fraud in the inducement and negligent misrepresentation are not barred by the parole evidence rule. Such matters are not considered under a Rule 12(b)(6) motion to dismiss. *Orix Credit Alliance v. Paul*, 1995 U.S. Dist. LEXIS 9088, *28 (S.D. Ala. 1995).

## C. CONCLUSION

Idearc has failed to meet the burden of establishing sufficient grounds to dismiss Kravitz' counterclaims, based on an assumption of the factual allegations made by claims therein. Idearc has made legal conclusions without supporting authority. As a matter of law, Kravitz is entitled to assert against Idearc counterclaims that would allow Kravitz to recoup and/or setoff monies owed to Idearc or vice versa. The terms and conditions of the contract do not serve as a bar to Kravitz' counterclaims. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Dismiss Counterclaim is **DENIED** as set out above and the plaintiff shall have ten days from this date to answer the counterclaim.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 14th day of July 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record